IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS AVILA,

        Petitioner,

vs.                                       No. CIV 00-943 LH/LFG

LAWRENCE TAFOYA, et al.,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed June 29, 2000. Respondents filed their Answer on August 4, 2000. Petitioner Carlos Avila ("Avila"), currently confined in the Southern New Mexico Correctional Facility in Las Cruces, New Mexico, challenges the judgment and sentence entered by the Second Judicial District Court in State v. Carlos Avila, No. CR 97-282 (County of Bernalillo, New Mexico).

2. Avila was convicted on July 2, 1997 pursuant to a plea of no contest to two counts of great bodily injury by vehicle (Counts 1 and 2 of the indictment), and one count of driving while under the influence, second offense (Count 4 of the indictment). He was sentenced to a five-year

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommend-tigons. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

term for each count of great bodily injury, the sentences to run consecutively, and to 364 days on the DWI conviction, to run concurrently with the two five-year terms. The total sentence was, therefore, ten years, followed by two years' parole. (Ex. A to Answer).

3. Avila appealed his sentence, raising the same issues he raises in the current federal habeas petition, *i.e.,* that the trial court erred in: (1) running the sentences on the two counts of great bodily injury consecutively rather than concurrently; (2) imposing enhancements on the counts of great bodily harm; (3) running the enhancements consecutively rather than concurrently; and (4) finding there was a sufficient factual basis for the plea.

4. Each of these issues was considered and decided by the state courts in Avila's direct appeal. The State argues that Avila's habeas petition therefore comes within 28 U.S.C. § 2254(d), which provides that federal habeas relief will not be granted for any claim that was adjudicated on the merits in state court, unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

## Discussion

### Consecutive Sentences

5. Avila argues that the state court violated double jeopardy principles in sentencing him to a five-year term on each count of great bodily injury by vehicle, and then running the sentences consecutively for a total term of ten years. He also raises the implicit claim that his plea agreement was not voluntary, because he did not agree therein to have the sentences run consecutively.

A. <u>Double Jeopardy</u>

6. The double jeopardy clause prohibits not only successive prosecutions for the same

offense, but also multiple punishments for a single offense. United States v. Dixon, 509 U.S. 688, 695-96, 113 S. Ct. 2849, 2855 (1993). When a double jeopardy claim is raised on federal habeas corpus review, "although we are not bound by state court rulings on ultimate constitutional questions, we should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes." Thomas v. Kerby, 44 F.3d 884, 887 (10th Cir. 1995).

7. In addition, the Antiterrorism and Effective Death Penalty Act (AEDPA) requires that this Court defer to adjudications of state courts unless they violate the conditions of 28 U.S.C. § 2254(d). In order for a federal court to award habeas relief, it is not enough for the court to conclude that the state court decision was erroneous or incorrect; the federal court must also find that the state court's ruling was objectively unreasonable. Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000); Van Woudenberg ex rel. Foor v. Gibson, 211 F.3d 560, 566 n.4 (10th Cir. 2000).

8. The incident leading to Avila's conviction was an automobile accident, in which he was driving with a blood alcohol level of 0.21 when he turned into the path of an oncoming vehicle. The occupants of the other vehicle included 12-year-old Mica Croom, who suffered injuries that caused 50 percent of her intestines to be removed surgically, and Veronica Croom, who received injuries to her face and skull requiring extensive reconstructive surgery. The charge of great bodily injury in Count 1 was based on the injuries to Mica Croom; Count 2 was based on the injuries to Veronica Croom.

9. In Avila's direct appeal, the New Mexico Court of Appeals rejected the argument that the sentencing court violated double jeopardy principles by imposing consecutive sentences for two counts of great bodily injury by vehicle under NMSA (1978) § 66-8-101(B), where the two counts

arose out of a single automobile accident involving unitary conduct. The Court of Appeals, "examin[ing] the language utilized and the interests protected under Section 66-8-101 and tak[ing] guidance from cases involving unitary conduct injuring multiple victims," held that the state legislature intended a separately punishable offense for each victim under the statute, even if the conduct is unitary:

> The Legislature worded the section in a manner that protects the interests of each victim . . . the legislative choice of language focuses our attention on the loss suffered by each victim; each 'person' or 'human being.' The focus is consistent with the societal interest to be protected by the statute which is punishment for the crimes of homicide and great bodily injury when caused, in this instance, by unlawfully driving a motor vehicle while under the influence of intoxicating liquor . . . Given the sanctity with which our society regards each individual human life, it would require a strong and unequivocal expression of the Legislature to protect anything less than each separate human life free from serious bodily injury. Defendant has not directed our attention to any such indication of legislative intent or case law, and we are aware of none.

(Ex. K to Answer, at 3-4). The court also noted, "[the fact that] Defendant caused great bodily harm to multiple victims is the overriding factor in this case, because the presumption remains that 'multiple victims will likely give rise to multiple offenses.'" (Ex. K to Answer, at 4).

10. This ruling by the state court is not contrary to, nor does it involve an unreasonable application of, clearly established Supreme Court law. As noted above, the Supreme Court has held that the double jeopardy clause prohibits multiple punishments for a single offense, Dixon, 509 U.S. at 695-96; however, "[m]ultiple punishment claims are controlled by the intent expressed in the criminal statute(s) violated, i.e., if the legislature provided for multiple offenses under the circumstances, there is no premise for a double jeopardy claim." Thomas, at 887. Here, the New Mexico courts determined that the state legislature did indeed contemplate multiple offenses when

two people suffer great bodily harm in a single accident. That decision is not contrary to clearly established law, and this Court will defer to it.

B.  Voluntariness of Plea

11. In stating his first ground for federal habeas relief, Avila also implies that his plea was not voluntarily made, because he did not agree, in the plea agreement or at the plea hearing, that the sentences could be run consecutively. He thus implies that he was not aware that consecutive sentences were a possibility. However, as the court of appeals points out in its opinion, Avila signed a Plea and Disposition Agreement which provided that the maximum penalty for the offense charged in count 1 is a basic sentence of 3 years, enhanced by 2 years for a prior DWI offense to which Avila admitted; that the same penalty would apply to count 2; that the maximum sentence for count 4 would be 364 days; and that the State agreed to a total sentence of "no more than ten (10) years incarceration." (Record Proper at 21, hereafter cited as "RP 21"). Avila acknowledged that he had read and understood the agreement and that he discussed the case and his constitutional rights with his attorney. (RP 22).

12. In addition, at the change of plea hearing on February 22, 1997, the court asked Avila if he understood that the court could, under the plea agreement, sentence him to a maximum of ten years; Avila said that he understood and that he agreed to that provision. (Transcript of February 22, 1997 Hearing, at 2-4). He has not presented anything to show that he did not, in fact, understand that the two five-year sentences could be run consecutively, and the record indicates that he knew he could be subject to a total of ten years incarceration under the plea agreement he reached with the state. There is no basis for finding that his plea was based on incorrect information, or was otherwise not voluntarily made.

**Enhancements**

13. Avila next argues that the sentencing court erred in imposing enhancements on both counts of great bodily harm, for three reasons: (1) there is no statutory authority for a sentence of 5 years on these counts; (2) Avila was not informed that his sentence could be enhanced; and (3) the state failed to meet its burden of proving the prior DWI conviction which formed the basis of the enhancement. He also argues that the enhancements should have been run concurrently.

14. Putting aside the questions of whether these arguments raise federal constitutional grounds for habeas relief, whether they were decided on the merits by the state court of appeals, which found that Avila failed to preserve the issues for appeal, and whether Avila may have procedurally defaulted these issues by lack of preservation of error, the Court finds no merit to any of the arguments regarding enhancement.

15. There is clearly statutory authority for a sentence of five years on each count of great bodily injury by vehicle, enhanced by a prior conviction for DWI. The offense is defined in NMSA (1978) § 66-8-101. Subsection (C) establishes the offense as a third degree felony, which carries a sentence of three years. NMSA (1978) § 31-18-15 (A)(5). Section 66-8-101(D) provides that a person who violates the statute, and who has incurred a prior DWI conviction within the past ten years, shall have his basic sentence increased by two years. There is thus statutory authority for a sentence of five years on each of these counts.

16. Secondly, the Court rejects Avila's argument that he was not informed that his sentence could be enhanced as provided in the statute. The Plea and Disposition Agreement provides that the maximum penalties for count 1 is "a basic sentence of 3 years enhanced by two (2) years, for a total of five (5) years," and the same information is given for count 2. (RP 21). Avila acknowledged that

he read and signed the agreement after discussing it with counsel (RP 22), and he again expressed his understanding of the enhancements at the plea hearing. (Transcript of Hearing, February 11, 1997, at 4).

17. Finally, the State was not required to prove the prior DWI conviction which formed the basis for the enhancements, because Avila admitted, in both the plea agreement and at the plea hearing, that he had been convicted of DWI within ten years of the incident at issue in this case. The Plea Agreement reads: "The defendant will admit having been convicted of the following offense(s): Driving While Under the Influence of Intoxicating Liquor, Bernalillo County CR 9871-87, an offense occurring on July 20, 1987." (RP 21). At the plea hearing, the judge told Avila that the State contended that he had previously been convicted of driving under the influence on July 20, 1987, in Bernalillo County Cause No. CR 9871-87, and the judge then asked Avila whether this information was correct. Avila acknowledged that it was and stated he agreed that the prior conviction was valid and free from error. (Transcript of Plea Hearing, February 11, 1997, at 10-11). Given his admission, he has no grounds for asserting that the prior DWI conviction could not serve as a basis for enhancing his sentence under § 66-8-101(D). *See*, United States v. Mendoza-Corrales, 166 F.3d 1222 (Table, text in Westlaw), No. 98-2180, 1998 WL 911696, at *1 (10th Cir. Dec. 31, 1998) ("Because Defendant admitted his 1988 state court conviction for assault with a deadly weapon, and his subsequent deportation in July 1997, the district court did not err in applying § 1326(b)(2)'s sentencing enhancement").

18. Finally, with regard to enhancements, in Ground Three of his petition, Avila argues that the enhancements for counts 1 and 2 should have been run concurrently rather than consecutively, for the same reasons that the basic sentences for these counts should have been run concurrently. The

7

Court, having found that the consecutive basic sentences for counts 1 and 2 were constitutional, therefore rejects Avila's argument with regard to the consecutive enhancements.

### Factual Basis for the Plea

19. As his fourth ground for habeas relief, Avila contends that the State failed to meet its burden of "establish[ing] a record which would suffice to support conviction on the counts charged." When a defendant pleads guilty, the court must make such inquiry as shall satisfy it that there is a factual basis for the plea. United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir. 1996). Where the state trial judge explicitly inquires into the factual basis for defendant's guilty plea, there is no due process claim cognizable in federal habeas proceedings. Switzer v. Berry, 198 F.3d 1255, 1256 (10th Cir. 2000).

20. The New Mexico Court of Appeals held that Avila failed to preserve the issue that there was not a sufficient factual basis for his plea, by failing to move for withdrawal of his plea and by waiving his right to appeal without reserving this issue. However, the court went on anyway to address the merits of this issue:

> Moreover, there is no question of a factual basis for the plea. Defendant had a blood-alcohol content of at least 0.21, turned his vehicle left into the path of the oncoming vehicle, collided with the victims' vehicle, and caused Mica Croom and Veronica Croom great bodily injury.

21. The Court agrees that there was clearly a factual basis for Avila's plea. The State informed the court, at the plea hearing, that if the case were to go to trial, the State would offer evidence that on June 6, 1996, Avila turned left into the path of a vehicle driven by Delia Croom; that all five occupants of the Croom vehicle received injuries, including Mica Croom, who had to have 50 percent of her intestines removed, and Veronica Croom, whose skull, face, and teeth were

shattered; and that a test administered that day showed that Avila had a blood alcohol level of 0.21. (Transcript of Plea Hearing, February 11, 1997, at 8-10). Avila, through counsel, agreed that the State would be able to present evidence as described above, and that a reasonable jury could convict, based on that evidence. (Id., at 10).

22. In addition, in the brief in chief filed in his direct appeal, Avila does not dispute the "factual basis" set forth at the February 22, 1997 hearing; indeed, he argues it should be accepted by the court as sufficient to show that the Avila's act was "unitary" for purposes of the double jeopardy issues. (Ex. H to Answer, at 5-6). In making this argument, Avila confirms his acceptance of these facts; indeed, nowhere in the record does he dispute them.

23. In any case, he stood next to his counsel in court and made no protest as his attorney confirmed that the State could present evidence to establish the factual basis, and that a reasonable jury could convict on the basis of that evidence. "Solemn declarations in open court carry a strong presumption of verity." Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996). The state trial judge in this case explicitly inquired into the factual basis for Avila's plea, and this Court finds that the factual basis was established and that no due process violation occurred.

### Recommended Disposition

That the petition be denied and the case dismissed with prejudice.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge